```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAMES KALAMARAS,

                Plaintiff,
                                          MEMORANDUM & ORDER
        -against-                         15-CV-3775(JS)(ARL)

NEW YORK STATE DIVISION OF PAROLE,
SR. PAROLE OFFICER PAUL MURPHY,
BUREAU CHIEF PAROLE OFFICER DENNIS
OSBORNE, and PAROLE OFFICER
"JANE DOE" MITCHELL,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     James Kalamaras, pro se
                   15002287
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On June 24, 2015, incarcerated pro se plaintiff James Kalamaras ("Plaintiff") filed an in forma pauperis Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the New York State Division of Parole ("NYDOP"), Sr. Parole Officer Paul Murphy ("Murphy"), Bureau Chief Parole Officer Dennis Osborne ("Osborne"), and Parole Officer "Jane Doe" Mitchell (first name unknown) ("Mitchell" and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis and a request for a

preliminary injunction.[1]  Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.  However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).  Given the dismissal, Plaintiff's request for injunctive relief is DENIED.

BACKGROUND[2]

Plaintiff's Complaint seeks to challenge his incarceration following his arrest on a parole violation.  According to the Complaint, Plaintiff violated the "no cell phone policy" at the Phoenix House Drug and Alcohol Treatment Program where he was residing pursuant to a Court order.  (Compl. ¶ IV.)  Plaintiff

---

[1] Plaintiff seeks an order "compelling Nassau County Correctional Staff, Officer #2830 and the Nassau County Sheriff's Department to locate, retrieve, and forward to Plaintiff, all paperwork in Plaintiff's personal property, including but not limited to, parole documents, 2014 IRS 1040 Forms, IRS Schedule C (Profit and Loss Statements), Department of Social Services appointment letters and Suffolk County Family and Criminal Court documents, as well as Plaintiff's MEDICALLY ORDERED footwear in his personal property . . . ."  (Mot. for Prelim. Inj., Docket Entry 7, at 5 (emphasis in original.))

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

claims that because it was "his third time being caught with a cell phone", counselor Tim Collins ordered Plaintiff to "pack his belongings and that he was being administratively discharged for his non-compliance [with the cell phone policy]."  (Compl. at 6.) Plaintiff was then taken to the Suffolk County Office of Parole where he reported to the receptionist, Mitchell.  (Compl. ¶ IV and at 6.) According to the Complaint, after a brief interview with Mitchell, Plaintiff was advised that he "would NOT be charged with a violation of Parole for being discharged from Phoenix House, and ordered [ ] to report to the Parole Office again tomorrow (1/23/13) on his regularly scheduled report day."  (Compl. at 6 (emphasis in original).)  Plaintiff alleges Mitchell prepared a form that indicated that Plaintiff was required to abide by a new curfew of 7:00 p.m. to 7:00 a.m. and that the curfew shall be maintained at his approved address of 10 Bailey Hollow Road in Stony Brook, New York.  (Compl. at 7.)  According to Plaintiff, he "did exactly that."  (Compl. at 7.)

When Plaintiff reported to the Parole Office the following day, he was arrested and taken to the Suffolk County Correctional Facility and was held for an alleged parole violation.  (Compl. at 7-8.)  Plaintiff was charged with violating the terms of his parole because he "failed to participate in his Board mandated treatment at Phoenix House" and that he "failed to report a change of address

3

(from Phoenix House . . . to his home address of 10 Bailey Hollow Road . . . <u>AN ADDRESS DEFENDANT MITCHELL AUTHORIZED AND INSTRUCTED PLAINTIFF TO REMAIN RESIDING AT</u>." (Compl. at 8 (emphasis in original).) According to Plaintiff, he filed a <u>pro se</u> Petition for a Writ of Habeas Corpus with the New York State Supreme Court, Suffolk County, which was heard on February 20, 2013. (Compl. at 9.) Plaintiff alleges that, after hearing argument, the Honorable Emily Pines vacated the arrest warrant, dismissed the violation of parole, and ordered Plaintiff's immediate release from custody. (Compl. at 11.)

As a result of the foregoing, Plaintiff alleges claims of malicious prosecution and unlawful confinement and seeks to recover a monetary damages award in total sum of one million eighty thousand dollars ($1,080,000.00). (Compl. ¶ V.)

DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of the application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to

dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly,

550 U.S. at 555).

III. Immunity

Plaintiff names the New York State Division of Parole and three employees thereof, as the sole Defendants. Because seeks to recover a monetary award against these Defendants in their official capacities, they are immune from suit under the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100, 104 S. Ct. 900, 906-08, 79 L. Ed. 2d 67 (1984).

The Eleventh Amendment bars suits brought by a state's own citizens in federal court. Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 2246, 144 L. Ed. 2d 636 (1999)). As an agency or arm of the State of New York, the New York State Board of Parole, Division of Parole, is immune from suit under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); Stone v. N.Y. City Dept. of Homeless Servs., 159 F. App'x 324 (2d Cir. 2005) (affirming dismissal of Section 1983 claim against the New York State Division of Parole as barred by the Eleventh Amendment); Garcia v. Div. of Parole Exec. Dept., No. 09-CV-2045, 2009 WL 2392160, at *1 (E.D.N.Y. August 3, 2009) (state agencies such as the Division of Parole "'are entitled to assert the state's Eleventh Amendment immunity where, for

6

practical purposes, the agency is the alter ego of the state and the state is the real party in interest.'") (quoting Santiago v. N.Y.S. Dep't of Corr. Serv., 945 F.2d 25, 28 n. 1 (2d Cir. 1991)). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144, 113 S. Ct. 684, 687, 121 L. Ed. 2d 605 (1993) (citation omitted).

Similarly, Plaintiff's claims for damages against the state employees sued in their official capacities are barred by the Eleventh Amendment. Graham, 473 U.S. at 165-167, and n.14, (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); Darcy v. Lippman, 356 F. App'x 434, 436-37 (2d Cir. 2009) ("Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities."). As such, Plaintiff's claims against these Defendants sued in their official capacities are barred by the Eleventh Amendment to the Constitution, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 268, 117 S. Ct. 2028, 2033, 138 L. Ed. 2d 438 (1997), and are thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b).[3]

---

[3] The Court notes that the Plaintiff's Section 1983 claims against Defendants in their official capacities must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity

IV. <u>Leave to Amend</u>

Given the Second Circuit's guidance that a <u>pro se</u> complaint should not be dismissed without leave to amend unless amendment would be futile, <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED. However, Plaintiff may pursue any valid claims he may have against the Defendants in state court.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED, however the Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A (b)(1). Given the dismissal of the Complaint, Plaintiff's request for injunctive relief is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S.

---

is a 'person' under § 1983." <u>Spencer v. Doe</u>, 139 F.3d 107, 111 (2d Cir. 1998); <u>see</u> <u>also</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).

Ct. 917, 8 L. Ed. 2d 21 (1962).  The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff at his last known address and to mark this case closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November __5__, 2015
       Central Islip, New York